James H. Chamberlain, *et al.*, in equity, *vs.* Geo. N. Black.

*Construction of written contract, when affected by parol testimony.*

This bill in equity was brought to compel specific performance of a written contract to convey certain lands, with warranty against incumbrances, upon payment of stipulated sums at appointed times. The first payments were made and the last instalment tendered and a deed with the agreed covenant demanded; this Mr. Black declined to give because of a permit to cut upon the land which he had given to one Hall prior to contracting with the complainants; but he offered a deed with the exception from the warranty of this permit, which conveyance the complainants would not accept. It was apparent from all the evidence, admitted without objection, that the fact of the existence of Hall's permit was understood and considered in making the agreement for the purchase and sale of this land between these parties; the only dispute being as to the length of time which Mr. Black told the complainants that permit had to run. The court found that Mr. Black truly stated the terms of the permit; that the obligation for a deed was made subject to it, mention of it being omitted by mistake; and ordered that Black make a deed to the complainants of the land, reserving and excepting all rights under the permit, upon payment of the amount due him; holding that the written contract was to be enforced as though the verbal understanding of the parties was incorporated in it; and that, the testimony having been admitted without objection, it was too late for the complainant's solicitor to interpose, in his argument, the objection that the written contract could not be varied by parol testimony.

Bill in equity, brought to compel the performance of a written contract, dated May 18, 1865, for the sale and conveyance by Mr. Black to the complainants of certain timber lands, therein particularly described, upon payment of two notes dated December 20, 1864, for $907.50 each, one payable on demand and the other in one year with interest annually. The bill stated that the negotiations for the purchase commenced in October, 1864, between Mr. Black and Mr. Stover, acting for himself and Mr. Chamberlain; that the sole inducement to buy was the timber standing on the land; that Mr. Black represented to Mr. Stover that the land was unencumbered except the right of Martin and Barlow Hall to cut lumber on a portion of the lands under a permit previously given with only one year to run; and that the

contract for the purchase and deed was made, relying upon this representation; that after making this arrangement with Mr. Black they bought the other half interest in the lands of the heirs of the late Addison Dodge, (who had bought and owned it jointly with Mr. Black,) for the same sum which they were to pay Black; and received from said heirs a warranty deed of their half, free from all incumbrance; which deed was drawn in the respondent's office and under his direction; that it was part of the agreement between the parties, that before the delivery of the deeds, the complainants might go on and cut upon the land, appropriating the proceeds to the liquidation of their notes; and they did so. This agreement was not part of the written contract.

The note payable on demand was paid May 18, 1865, when the written memorandum of their contract was signed, and the amount of the other note was tendered to Mr. Black, December 20, 1865, and refused by him; he then saying that he never should comply with their demand, then made, for a deed according to the tenor of the contract in writing, but would give one containing a reservation of the rights of Messrs. Hall to cut under their permit which was, in fact, dated November 22, 1863, and ran for three years from that date. Such a deed the complainants declined to accept and brought this bill, to compel a conveyance according to the tenor of the writing aforesaid, and an account of the lumber cut by the Halls under their permit during the season of 1865-6; not claiming anything for timber cut by those gentlemen in 1864-5.

The answer admitted all of the complainant's allegations except those relating to the permit to the Halls, which Mr. Black said was truly stated to Mr. Stover, according to its actual tenor; that the omission to reserve or except it in his obligation and in the Dodge deed (which, though drawn in his office, by his clerk, was never seen by him) was accidental; but that the facts were well known to both parties. August 8, 1871, Eugene Hale, Esq., acting for Mr. Black, demanded of Mr. Chamberlain the amount of the note due; but that gentleman refused to pay, except upon condition of receiving such a deed as he claimed.

This cause has been once before considered by this court, and is reported in 55 Maine, 87.

*J. S. Rowe* for the complainants.

The rule, as to varying a written contract by parol, is as well settled in equity as at law. *Eveleth* v. *Wilson*, 15 Maine, 109.

The permit to the Halls has been altered. It bore date originally in 1864, as appears by inspection ; and the "November 22" is an alteration. The twenty-second of November, 1863, was Sunday. The almanac was not consulted when that date was altered.

Nobody testifies when that permit was actually first delivered to the Halls.

*F. A. Wilson* for the respondent.

CUTTING, J. The plaintiffs seek in this suit the specific performance of a written contract duly executed by the defendant, dated May 18, 1865, wherein he covenanted to convey to them a certain tract or parcel of land in township number twenty-seven, middle division in the county of Hancock, provided they pay to the defendant their two notes dated December 20, 1864, for $907.50 each, the first on demand and the second in one year.

It appears that the first note was paid and that December 20, 1865, they tendered to the defendant the principal and interest due on the other note and demanded of him a deed according to the terms·of his obligation which he refused to execute and deliver. 55 Maine, 87.

If the case terminated here there could be no question but that the prayer of the bill should be granted. But the answer and the evidence introduced by both parties disclose certain facts which demand consideration.

It appears that the terms of the defendant's obligation were to convey by a deed in fee with warranty against the lawful claims and demands of all persons claiming by, through or under him.

Now at this time the evidence discloses there was in existence a written permit from defendant to Martin and Barlow Hall to cut and haul pine and spruce timber from the land covenanted to be

conveyed for a period of three years from December 1863. This, therefore, was an incumbrance which the defendant was unwilling to warrant against in the demanded deed, and in his answer and deposition asserts that at the time his obligation was executed and delivered that fact was distinctly disclosed to the obligees and by them or one of them understood as an incumbrance not to be embraced in his covenants.

It would have been questionable whether this testimony was admissible to vary the written obligation if it had been seasonably objected to. But the objection of plaintiff's counsel in his argument comes too late, especially since by their own showing they admit that the incumbrance was to be excepted, and the parties only disagree as to the period it was to continue. The one contended for two and the other for three years, and here arises a conflict in the testimony. But we think that on the part of the defendant preponderates, so that at the time the contract to convey was made it was understood by the parties, that the incumbrance created by Hall's permit should be excepted in the covenants of warranty but was omitted to be inserted by mistake. Even the plaintiffs admit such to have been the fact as to a period of two years and claim damages for the third year. The defendant therefore was justified in refusing to deed without guarding against the incumbrance.

The defendant claims damages for lumber cut on the land before the date of the written contract, but only it seems by way of offset, which he is willing to relinquish provided the plaintiffs' claim for damages, as we have found, should not prevail.

The bill is sustained and a decree must be entered that the defendant perform his contract with the incumbrance excepted upon payment of the second note according to its tenor, which would have been without interest since the tender had the same been kept good, but the subsequent demand by Mr. Hale and refusal operated otherwise. Neither party to recover costs.

*Decree accordingly.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.

PETERS, J., having been of counsel did not sit.